# EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
5/2/2018 3:48 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Sean K. Claggett, Esq.
Nevada Bar No. 008407
William T. Sykes, Esq.
Nevada Bar No. 009916
Geordan G. Logan, Esq.
Nevada Bar No. 013910
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 8917
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
glogan@claggettlaw.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| GINA ALCANTARA, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> BODEGA LATINA CORPORATION d/b/a EL SUPER, a California Corporation; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive, <br><br> Defendants. | CASE NO.: A-18-773913-C <br><br> DEPT. NO.: Department 24 <br><br> **COMPLAINT** |

COMES NOW, Plaintiff, GINA ALCANTARA, by and through her attorneys of record, CLAGGETT & SYKES LAW FIRM, for her causes of action against Defendant, BODEGA LATINA CORPORATION d/b/a EL SUPER; DOES I–X; and ROE BUSINESS ENTITIES XI–XX, inclusive, and each of them, and alleges as follows:

1. At all times relevant herein, Plaintiff, GINA ALCANTARA (hereinafter "Plaintiff" or "Gina"), was and is a resident of Clark County, Nevada.

Page 1 of 6

2. Upon information and belief, at all times relevant herein, Defendant, BODEGA LATINA CORPORATION dba EL SUPER (hereinafter "Defendant" or "El Super"), was and is a Corporation organized and existing pursuant to the laws of the State of California and doing business in the state of Nevada, County of Clark.

3. That the true names or capacities, whether corporate, associate, individual or otherwise, of Defendants DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendant in this action.

4. That the true names or capacities of Defendants, ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as ROE BUSINESS ENTITIES XI through XX, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names of such Defendant when the same have been ascertained.

///

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

5. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporate the same herein by reference.

6. On May 6, 2016, Plaintiff, Gina Alcantara, went grocery shopping in the El Super located at 4610 W. Sahara Avenue, Las Vegas, Nevada 89102.

7. As Gina walked in the open area near to the cash registers, she slipped on a blue liquid substance on the floor that appeared to be a melted popsicle.

8. As a result of slipping on the blue liquid substance Gina fell to the floor.

9. Upon information and belief, Defendant El Super had not placed any "wet floor" signs or other notices around the area of the blue liquid substance.

10. Defendant El Super did not warn Gina about the blue liquid substance on the ground.

11. Gina was injured as a result of the fall.

## FIRST CLAIM FOR RELIEF

### (Negligence – Premises Liability)

### Against All Defendants

12. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporate the same herein by reference.

13. Defendant owed a duty to the general public and invitees, to include Plaintiff, to keep its premises free from and/or guard against slipping hazards, and to warn guests of slipping hazards.

14. Defendant breached its duty of care when it failed to keep the store free from slipping hazards, created a slipping hazard, failed to guard against slipping hazards, and/or failed to warn others of the slipping hazards.

15. Defendant's failure to keep its public areas free from slipping hazards and/or otherwise guard against slipping hazards in its public areas directly and proximately caused Plaintiff to slip and fall and to sustain injuries as a result.

16. Upon information and belief, Defendant created the hazardous or unsafe condition and/or otherwise had actual or constructive notice of these hazardous or unsafe conditions prior to the

time the incident occurred. Defendant knew or should have known that the unsafe conditions posed a hazard or fall risk to the general public, invitees, patrons and business invitees.

17. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff was injured, receiving injuries to the tissues, bones, and joints of her body. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

18. As a further direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of her injuries, and will continue to incur damages for future medical treatment necessitated by fall-related injuries she has suffered.

19. As a further proximate result of the aforementioned negligence and carelessness of Defendant, Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at this present time, but Plaintiff alleges that she has suffered special damages in excess of Fifteen Thousand Dollars ($15,000.00).

20. Upon information and belief, Plaintiff has suffered a loss of income and/or will suffer a loss of earning capacity.

21. The actions of Defendant have forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Negligent Hiring, Training, Supervision and Retention)

### Against Defendant El Super

22. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs herein, and incorporate the same herein by reference.

23. Defendant hired, trained, supervised and retained employees to keep its public areas free from slipping hazards and/or otherwise guard against slipping hazards, to include the location where the Plaintiff fell.

24. Defendant had a duty to hire, properly train, properly supervise, and properly retain competent employees, agents, independent contractors and representatives.

25. Upon information and belief, Defendant breached its duty by improperly hiring incompetent employees, improperly training or supervising its employees in regard to preventing, guarding against, and warning of slipping hazards, and/or improperly retaining incompetent employees.

26. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff was injured, receiving injuries to the tissues, bones, and joints of her body. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

27. As a further direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of her injuries, and will continue to incur damages for future medical treatment necessitated by fall-related injuries she has suffered.

28. As a further proximate result of the aforementioned negligence and carelessness of Defendant, the Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at this present time, but Plaintiff alleges that she has suffered special damages in excess of Fifteen Thousand Dollars ($15,000.00).

29. Upon information and belief, Plaintiff has suffered a loss of income and/or will suffer a loss of earning capacity.

30. The actions of the Defendant have forced Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount as attorney fees and costs of suit.

WHEREFORE, Plaintiff, GINA ALCANTARA, expressly reserving her right to amend this Complaint at the time of trial, to include all items of damage not yet ascertained, demands judgment against Defendant, BODEGA LATINA CORPORATION d/b/a EL SUPER; DOES I–X; and ROE BUSINESS ENTITIES XI–XX, and each of them, as follows:

1. For general damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

2. For special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

3. For reasonable attorney's fees;

4. For costs of suit incurred; and

5. For such other relief as to the Court seems just and proper.

DATED this 2nd day of May 2018.

        CLAGGETT & SYKES LAW FIRM

        /s/ Geordan G. Logan

        Sean K. Claggett, Esq.
        Nevada Bar No. 008407
        William T. Sykes, Esq.
        Nevada Bar No. 009916
        Geordan G. Logan, Esq.
        Nevada Bar No. 013910
        4101 Meadows Lane, Suite 100
        Las Vegas, Nevada 89107
        *Attorneys for Plaintiff*