# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Gina Alcantara,

     Plaintiff

v.

Bodega Latina Corporation d/b/a El Super,

     Defendant

Case No.: 2:18-cv-00882-JAD-DJA

**Order Denying Appeals, Affirming Minute Order Denying Emergency Relief, and Denying Motion for Emergency Relief**

[ECF Nos. 60, 61, 62]

Last month in this slip-and-fall case, Magistrate Judge Daniel Albregts granted plaintiff Gina Alcantara's motion to compel grocer Bodega Latina Corporation to produce records for "three years of prior incidents from all three [of its] Las Vegas stores without redactions, excluding the bathrooms and produce sections."[1] Judge Albregts also granted Alcantara leave to move under Rule 37 of the Federal Rules of Civil Procedure for an award of fees and costs that she incurred pursuing her motion to compel more fulsome discovery responses from Bodega.[2] Bodega timely appealed Judge Albregts's order on several grounds, including his direction that Bodega produce the documents in an unredacted format.[3] Bodega's appeal includes a single-sentence request that the compel order "be stayed during the pendency of this Objection."[4]

When the time for Bodega's production approached without a determination on its appeal or cameoed stay request, Bodega filed two motions, both on an emergency basis: the first motion seeks a protective order, and the second motion seeks to stay its production obligation pending a

---

[1] ECF Nos. 44 (motion to compel), 49 (minutes of proceedings).

[2] ECF No. 49.

[3] ECF No. 53 at 11–12.

[4] *Id.* at 2.

determination on its appeal of that order.[5]  The same day that Bodega filed its emergency

motions, Judge Albregts issued a minute order denying the emergency portion of each of them,

finding that "expedited consideration is unnecessary under LR IA 6-1(d)."[6]  Two days later,

Bodega filed a trio of briefs: the first and third appeal Judge Albregts's order denying Bodega's

request for relief on an emergency basis, and the second is a motion to hear Bodega's objection

to the compel order on an emergency basis.[7]

## Discussion

Judge Albregts denied the emergency part of Bodega's motions because he found that it

had not demonstrated good cause to justify shortening time.[8]  Bodega appeals.[9]  When a party

appeals a magistrate judge's determination on a non-dispositive issue, the district court may

"modify or set aside any part of the order that is clearly erroneous or is contrary to law."[10]

Bodega argues that "good cause exists" to set aside the minute order because Bodega "will have

to produce documents containing private information of minors and medical treatment of [its]

customers and non-parties."[11]  Bodega offers the same rationale to support its motion to have its

objection to the compel order heard on an expedited basis.[12]

---

[5] ECF Nos. 55 (for protective order), 56 (to stay discovery).

[6] ECF No. 57 (minute order).

[7] ECF Nos. 60 (emergency objection), 61 (emergency motion), 62 (emergency objection).

[8] ECF No. 57 (citing L.R. IA 6-1(d)).

[9] ECF Nos. 60, 62.

[10] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (authorizing district court to "reconsider any pretrial matter . . . where it has bene shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.R. IB 3-1(a).

[11] ECF No. 60 at 9–10.

[12] *Id.* at 8–9.

The record shows that any emergency was created by Bodega's failure to properly move to stay its production obligation in the first instance. This failure obviated Bodega's ability to show that good cause exists to have its motions heard in advance of the ordinary course. In fact, the single-sentence request for a stay that Bodega slipped into its appeal failed to comply with L.R. 7-2(a)'s requirement that motions "be supported by a memorandum of points and authorities" and L.R. IC 2-2(b)'s instruction that, "[f]or each type of relief requested," "a separate document must be filed and a separate event must be selected for that document."

Bodega's concerns about what could happen if it is required to comply with the order to produce unredacted documents are unfounded. It provides no authority to support the proposition that producing the medical records of a non-party under an order compelling it to do so could subject it to liability for invasion-of-privacy torts.[13] The conduct of producing documents under a court order is likely covered by the litigation privilege.[14] Nor will Bodega violate FRCP 5.2(a) by producing unredacted documents because that rule governs documents that are "fil[ed] with the court" and discovery papers like discovery requests and responses should not be filed with the court absent an order to do so.[15] In fact, I anticipate that Rule 5.2 and the rules and authorities that govern the sealing of documents will come into play only if and

---

[13] Bodega's reliance on *Montesano v. Donrey Media Group* is misplaced as that case concerned publication of allegedly private information in a newspaper, not production of information in discovery under an order compelling that production. *Montesano v. Donrey Media Group*, 668 P.2d 1081 (Nev. 1983).

[14] *See e.g.*, *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 903–04 (Nev. 2014) (explaining that, with few exceptions, the Nevada Supreme Court "has recognized 'the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged,' rendering those who made the communications immune from civil liability").

[15] L.R. 26-8.

when the parties file dispositive motions.[16]  Judge Albregts's minute order denying Bogeda's request to have its discovery motions heard on an emergency basis is neither clearly erroneous nor contrary to law.  And Bodega has not demonstrated that good cause exists to hear its objection to the compel order on an expedited basis.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Bodega's appeals **[ECF Nos. 60 and 62] are DENIED** and Judge Albregts's minute order denying Bodega's motions for emergency relief **[ECF No. 57] is AFFIRMED**.

IT IS FURTHER ORDERED that Bodega's motion to have its objection to Judge Albregts's compel-order heard on an emergency basis **[ECF No. 61] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 6, 2020

---

[16] *See, e.g.*, L.R. IA 10-5 (providing the procedure to seal documents); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (explaining the standards for sealing documents attached to dispositive and non-dispositive motions).