**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GINA ALCANTARA, | Case No. 2:18-cv-00882-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| BODEGA LATINA CORP., | |
| Defendant. | |

This matter is before the Court on Defendant's Emergency Motion for Protective Order (ECF No. 55) and Emergency Motion to Stay Discovery (ECF No. 56), filed on March 2, 2020. The Court denied consideration of Defendant's Motions on an expedited basis and ordered briefing to proceed in the ordinary course. (ECF No. 57). Plaintiff filed Responses (ECF Nos. 67-68) on March 16, 2020 and Defendant filed Replies (ECF Nos. 73-74) on March 27, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.    Background**

The Court and the parties are familiar with the facts of this case and they will only be repeated as necessary. The Court conducted a hearing on Plaintiff's Motion to Compel (ECF No. 44) on February 5, 2020. In doing so, the Court set forth the parties' positions. Plaintiff sought incident reports of slips and falls occurring three years prior to the subject incident from all three Las Vegas stores, excluding bathrooms and produce sections. That request was based on requests for production numbers 3 and 14 in which Plaintiff requested prior incidents dating back five years. In October 2019, Defense counsel agreed to produce one year of the prior slip and fall incidents from the store where Plaintiff fell. Thereafter, Defendant did produce two incident reports for slip and falls that occurred at the store at issue in this case and the specific area of the store that Plaintiff fell.

The Court noted that the parties last met and conferred on December 17, 2019 and Defendant's position remained unchanged. Further, at the hearing the Court conducted on November 22, 2019, regarding Plaintiff's prior motion to reopen discovery, the Court discussed this issue and the parties indicated they would meet and confer and reach an agreement. So, the Court noted it was disappointing that the parties were back on the same issue.

Further, the Court set forth its findings on the record. It granted Plaintiff's Motion to Compel finding that Plaintiff was diligent in seeking the discovery at issue regarding prior slip and fall incidents prior to the close of discovery. The Court also found it relevant and proportional to the needs of this case given that this case involves issues of notice, reasonable care, and foreseeability. Further, the Court found that the scope of permitting three years is proportional especially given that the store at issue has only been open two years prior to Plaintiff's incident and that five years is typically permitted to be discovered in these types of cases.

The Court also found that including all three stores is proportional as it was not persuaded by Defendant's very weak argument that there are minor differences in the store procedures and policies, especially in light of contradicting testimony from Defendant's own 30(b)(6) witness. The Court's inquiry during this discovery phase is not focused on admissibility at trial; rather, the standard is what information is discoverable and the Court found this information clearly relevant under that applicable standard. Also, the Court was not persuaded by Defendant's conclusory claim that three years is somehow unreasonably burdensome. A total of only two incidents were produced for one store for a one-year lookback period. Defendant has been on notice since Plaintiff's June 29, 2018 request for five years that additional incident reports were requested. The Court did not see any articulable burden that prevents the compromise position of a three-year lookback from being proportional to this case.

Accordingly, the Court ordered that three years of prior incidents from all three Las Vegas stores, excluding the bathrooms and produce sections, be produced within thirty days of the hearing. It found no need to reopen discovery for this production; it may be produced outside the close of discovery. Defendant failed to comply with the Court's order regarding production by

1 | March 6, 2020.  After inquiry from Plaintiff's counsel, Defendant produced 18 prior incident
2 | reports on March 13, 2020 with the following redactions: 3 reports that have the incident date
3 | redacted, 7 do not identify the store number, and all have the date of birth redacted or absent.
4 | (ECF No. 67, 8:8-12).

5 | Defendant requests that it be permitted to redact the (1) names, including minors' names,
6 | (2) injuries, and (3) medical records of individuals in the incident reports ordered to be produced
7 | at the February 5, 2020 hearing.  (ECF Nos. 55-56).  First, Defendant claims that the names and
8 | injuries of individuals who slipped and fell in prior incidents are not relevant to the slip and fall
9 | incident at issue in this litigation and particularly, not relevant to the issue of notice.  Second,
10 | Defendant argues that even if the information is relevant, it is not proportional to the needs of this
11 | case because: (1) it contains medical records of individuals who are not parties to this lawsuit,
12 | which would invade their privacy and violate HIPAA if produced; (2) it contains the names of
13 | minors, which if filed with the Court could violate Fed.R.Civ.P. 5.2(a).

14 | Plaintiff responds that the incident reports ordered to be produced have already been
15 | found to be relevant and proportional to the needs of this case by the Court.  (ECF No. 67).  They
16 | are relevant to the issues of notice, reasonable care on the part of Defendant, and foreseeability.
17 | Further, they are not burdensome as Defendants production of incident reports consisted of 18
18 | one- to two-page documents on a CD.  Plaintiff also argues that the production is not an invasion
19 | of privacy or HIPPA violation and notes that Defendant has not produced a single medical record
20 | for any of the incident reports already produced.  Plaintiff also contends that production of
21 | discovery to counsel does not violate Rule 5.2(a) as the names of minors, which Plaintiff already
22 | agreed to redaction to initials, would not be filed with the Court.  Finally, Plaintiff contends that a
23 | stay is not warranted.  (ECF No. 68).

24 | Defendant replies that since the filing of its motions it has produced all of the records it
25 | could find responsive to the request, but redacted minor names pursuant to the parties' agreement
26 | that those may be redacted if the parents' names were unredacted.  (ECF Nos. 73-34).  As such,
27 | Defendant admits that its request to redact minor names is now moot.  However, it maintains that
28 | redaction of adult names and injuries is necessary as the names and injuries are not relevant to the

1  issue of notice.  For example, Defendant argues that the Nevada Supreme Court has found prior
2  incidents inadmissible and the severity of injuries is not a factor in establishing a defendant's duty
3  of care.  (ECF No. 73, 4-5).  Moreover, Defendant claims it would be subject to an unknown
4  amount of invasion of privacy lawsuits by the individuals whose prior incident reports are
5  produced.

**II.     Analysis**

In the instant motions for protective order and stay, Defendant seeks the same relief that the Court previously denied at the February 5, 2020 hearing.  (ECF Nos. 55-56).  Specifically, Defendant seeks to improperly redact the incident reports that the Court ordered it produce by March 6, 2020 and stay that production deadline.  As such, Defendant's motions are actually an attempt to seek reconsideration masquerading as a request for a protective order and stay.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).  This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood."  LR 59-1(a).  "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances.  *Id*. at (b).  The Court finds no grounds justify reconsideration of its Order ECF No. 49.

Although not necessary to remind the parties, the Court underscores that this case is about negligence.  Plaintiff claims that Defendant was negligent in that it owed a duty of care to her due to a foreseeable harm that led to her injury upon slipping and falling on a blue liquid substance on the floor in Defendant's store.  Defendant highlights that one of the heavily redacted incident reports involved a slip and fall incident where a woman injured her knee after slipping on melted ice cream on the floor, similar to Plaintiff, and the second page of the incident report, containing a statement that the store employee was aware or should have been aware of the melting ice cream and cleaned it up, was withheld until the March 13, 2020 production.  (ECF No. 67, 11-12).

1    As the Court has already found, the prior incident reports are clearly relevant to the issues
2    of notice, reasonable care on the part of Defendant, and foreseeability. Although Defendant relies
3    on *Eldorado Club, Inv. v. Graff*, 377 P.2d 174, 176 (Nev. 1962), that case centers on admissibility
4    of prior incidents. The Court makes no finding as to admissibility at trial and only finds that
5    under the governing discovery standard, Defendant is not permitted to hide the prior incident
6    reports from Plaintiff. Indeed, the case law in this District Court is clear that evidence about prior
7    slip and falls is relevant to establish notice in this context. *See, e.g., Shakespear v. Wal-Mart*
8    *Stores, Inc., LLC*, 2012 WL 13055159, at *5 (D. Nev. Nov. 5, 2012) (ordering Wal-Mart to
9    produce discovery related to prior slip and fall accidents). Again, as to proportionality, Defendant
10   fails to cite any ground warranting reconsideration of the Court's decision. There is absolutely no
11   indication, nor has Defendant articulated one in the instant briefing, that the incident reports are
12   unduly burdensome to be produced.

13   Further, Defendant's third-party privacy argument was already addressed and rejected by
14   the Court. Defendant completely fails to establish that <u>incident reports</u>, created in anticipation of
15   litigation or at the very least, to support a potential claim in litigation, are medical records that fall
16   within HIPAA's purview. Moreover, at the February 5, 2020 hearing, the Court already found
17   that the parties should produce the incident reports under a protective order, which protects the
18   confidential nature of the incident reports. The parties are again reminded to submit a stipulated
19   protective order for Court approval. If they cannot agree on the terms of the protective order,
20   then either party may file a motion for a protective order with their proposed language. To be
21   clear, although the Court does not find that redaction of the <u>incident reports</u> is warranted, to the
22   extent that the incident reports include attachments of medical records, then Defendant may
23   redact <u>those medical records only</u> to comply with HIPAA.

24   As for the minors' names, given that the parties were able to agree to redact minors'
25   names to their initials as long as a parent's name is not redacted, the Court will honor that
26   agreement and grant that part of Defendant's request for redaction. It notes that Defendant's
27   argument that minors' names need to be redacted pursuant to Fed.R.Civ.P. 5.2(a) is unfounded.
28   The discovery ordered to be produced is directed to be produced to Plaintiff's counsel, not filed

with the Court. To the extent that any such discovery was later filed with the Court as an exhibit or included in a motion, then the Court expects the appropriate redactions to be made in compliance with both the Local Rules and Federal Rules of Civil Procedure.

Moreover, deeply troubling to the Court is Defendant's pattern of defiance of the Court's orders. As previously summarized, the Court first became aware of an issue with Defendant's response to Plaintiff's June 29, 2018 request for incident reports at the November 22, 2019 hearing. As a motion to compel was not properly before the Court, it directed Defendant at the November 22, 2019 hearing to meet and confer with Plaintiff in compliance with Local Rule 26-7, with the express purpose of avoiding future court intervention as the parties may be able to reach an agreement. (Tr. of Proceedings, ECF No. 67-16, 39:15-40:17). Defendant not only ignored that order, but also, consistently and erroneously claims no such order was issued. Then, Defense Counsel walked out of the February 5, 2020 hearing before the Court concluded the hearing and excused her, and has continued to refuse to fully comply with the Court's order regarding production of the incident reports without leave of the Court. Discovery in federal court is not intended to be an uncivil process – including to the judiciary – nor is it designed to allow one party to hide discoverable information. The Court encourages Defendant to review Rule 1's goals and increase the civility factor going forward.

IT IS THEREFORE ORDERED that Defendant's Emergency Motion for Protective Order (ECF No. 55) is **granted in part and denied in part as outlined above**.

IT IS FURTHER ORDERED that Defendant's Emergency Motion to Stay Discovery (ECF No. 56) is **denied**.

DATED: April 7, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE