# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GINA ALCANTARA,

    Plaintiff,

v.

BODEGA LATINA CORP.,

    Defendant.

Case No. 2:18-cv-00882-JAD-DJA

**ORDER**

This matter is before the Court on Defendant's Motion for Protective Order (ECF No. 78), Motion to Extend Time (ECF No. 79), and Motion to Amend Answer (ECF No. 80), filed on May 15, 2020. Plaintiff filed Responses (ECF Nos. 82-84) on May 29, 2020 and Defendant filed Replies (ECF Nos. 85-86 and 89) on June 5 and June 9, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.    Background**

The Court and the parties are familiar with the facts of this case and they will only be repeated as necessary. The Court conducted a hearing on Plaintiff's Motion to Compel (ECF No. 44) on February 5, 2020. It ordered that three years of prior incidents from all three Las Vegas stores, excluding the bathrooms and produce sections, be produced within thirty days of the hearing. On April 7, 2020, the Court further ruled on a subsequent dispute regarding the scope of production and redaction requests. (ECF No. 77). It also ordered the parties to meet and confer on a stipulated protective order governing the exchange of discovery material and submit it for the Court's approval.

Defendant seeks a protective order to be entered by the Court pursuant to Fed.R.Civ.P. 26(c) as the parties have been unable to agree to the terms of a stipulated protective order to govern the disclosure of discovery documents. (ECF No. 78). Defendant proposed Exhibit A as

the protective order to be entered, but indicates that Plaintiff has objected to the following four provisions: it is overbroad to the extent it covers other documents that might be discovered; precludes Plaintiff from contacting customers; requires a hearing regarding the documents to be conducted *in camera*; and requires certain steps for handling documents after the conclusion of the litigation.  As a result, Defendant proposed a revised protective order (Exhibit C) but two of the issues remain unresolved: Part II, Subpart H's prohibition on contacting customers and Part V, Subpart B's requirement for an *in camera* hearing.  Further, Defendant continued to meet and confer and offered to stipulate to liability, which it claims would make the documents irrelevant.

Plaintiff responds that a protective order is unwarranted at this point given that the discovery documents disclosed by Defendant did not include medical records.  (ECF No. 84). Further, Plaintiff argues that Defendant has failed to establish that an injured person's name and how they became injured, which is information included in the incident reports, constitutes a trade secret.  Accordingly, Plaintiff claims there is not good cause for a protective order at all.

Defendant replies that Plaintiff's position that no protective order should be issued at all despite agreeing to all but two terms is untenable.  (ECF No. 89).  It requests that the Court enter the proposed protective order as to the terms the parties agreed upon along with the two provisions that Defendant seeks to add, and again relies on its contention that incident reports are entitled to trade secret protection.

Defendant also seeks an order extending the deadline to amend pleadings, which expired on March 5, 2019.  (ECF No. 79).  It indicates that the parties have participated in private mediation, which was unsuccessful, but it has taken into account the posture of the case and is seeking to admit liability.  Defendant cites to the former Local Rule 26-4, which it should be noted was moved to Local Rule 26-3 in the amendments that were adopted on April 17, 2020.  It simply claims good cause and excusable neglect exists given the result of the November 22, 2019 hearing was an adverse jury instruction against Defendant.  Accordingly, Defendant seeks to amend its answer to admit liability.  (ECF No. 80).

Plaintiff responds that Defendant's request to extend the deadline and amend its answer should be denied as it is submitted more than a year after the expiration of the deadline to amend

pleadings. (ECF No. 83). In fact, Plaintiff claims that Defendant is only seeking to amend, six months after sanctions were issued in the form of an adverse jury instruction, to avoid the consequence of the adverse jury instruction. Plaintiff argues that Defendant cannot satisfy the excusable neglect standard as the reason for delay is bad faith given that Defendant has aggressively litigated Plaintiff's access to relevant liability evidence, failed to disclose evidence, and misrepresented the existence of evidence. (ECF No. 82).

Defendant replies that it could not have foreseen the Court would sanction it for spoliation of evidence and the attorneys fees award. (ECF No. 85). It claims Plaintiff will not be prejudiced because no further discovery is needed, no delay to the litigation will occur, and it acted in good faith. (ECF No. 86).

**II.     Analysis**

**a.   Protective Order**

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the

discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

As the Court previously noted on two occasions, it finds that a protective order governing the disclosure of discovery is warranted in this case. The Court will approve Defendant's proposed protective order as it addresses third party privacy concerns in discovery disclosures, but with the following modifications to the two outstanding issues. First, it will not approve Part II, Subpart H as Defendant has not met its burden of demonstrating customer information is a trade secret and that customers should not be contacted. Defendant contends that the Part II, Subpart H's prohibition on contacting customers is needed because the information gathered by the store in the process of recording incidents reported by customers is a trade secret protected by NRS § 600A.030 and would be misappropriated by Plaintiff contacting those customers. Specifically, Defendant argues that the process used by the store to gather information from customers is not generally known and has actual or potential value. Further, Defendant claims that the data gathered by the store during its investigation – including customer names, addresses, contact information, dates of incidents, descriptions, and other data – has independent economic value from not being generally known. Finally, Defendant again claims that the customers from the prior incidents are not relevant. The Court is not persuaded by these arguments and will therefore not approve Part II, Subpart H.

Second, as for Defendant's proposed Part V, Subpart B's provision that the Court conduct an *in camera* hearing, it simply claims this provision is needed so that the information regarding customers is not disclosed publicly. This fails to meet the governing standard to seal and the Court is not inclined to issue an advisory opinion permitting all discovery motions to be conducted *in camera*.

### b. Reopening of the Amending the Pleadings Deadline for Defendant to Amend Answer

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party

to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also* Fed. R. Civ. P. 16(b)(4).

In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

As Defendants filed its Motion to Amend after the expiration of the March 5, 2019 deadline to amend the pleadings, it falls under Rule 16. (ECF No. 20). As noted above, Defendant cites to the former Local Rule 26-4, which was replaced by Local Rule 26-3 in the amendments to the Local Rules that were adopted on April 17, 2020, in support of its request to reopen the amending the pleadings deadline. Moreover, Defendant simply claims good cause and excusable neglect exists to amend its answer at this stage of the litigation because it has evaluated the effect of the adverse jury instruction it was issued as a sanction for spoliation of evidence at

the November 22, 2019 hearing.  Notably, the only deadline that Defendant seeks to extend is the amending the pleadings deadline – as all discovery deadlines have closed.  Plaintiff also cites the old version of the Local Rules, including LR 26-4, but is correct that the excusable neglect standard applies as the deadline has expired.

Ultimately, the Court finds that Defendants should be permitted to amend its answer as requested in order to streamline the disputed issues left for trial.  While the deadline to amend pleadings expired over 14 months ago, the passage of time is not reason enough to preclude amendment.  *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.").  Moreover, the Court has considered all of the arguments of the parties in the briefing and finds that amendment at this stage would be neither extraordinarily disruptive nor prejudicial to Plaintiff.

As for Plaintiff's argument regarding prejudice, the Court recognizes that it imposed an adverse jury instruction as a sanction in November 2019.  Subsequently, the parties attended a private mediation and were unable to resolve this case via settlement.  As such, Defendant is only now, 6 months after the sanction was imposed, seeking to admit to liability.  Plaintiff claims that she would no longer have the benefit of the adverse jury instruction and the Court should not condone Defendant's discovery behavior by permitting the amendment as it is made in bad faith.  Plaintiff highlights that Defendant is seeking to make prior incidents irrelevant on issues of notice and foreseeability, but still disputing causation as Defendant's proposed amendment still denies paragraphs 15 and 17 of the Complaint.  As such, Plaintiff claims she would be prejudiced without the adverse jury instruction in presenting her evidence on causation.  However, the Court does not agree that the adverse jury instruction is eliminated simply by permitting the requested amendment.  Indeed, the Court is not reconsidering its Order that provided an adverse jury instruction and that remains preserved for the District Judge's discretion at trial.  As such, the Court is not excusing Defendant's discovery conduct nor removing the sanction imposed at this point.

As for the disruption to the litigation, the Court recognizes that no further discovery would be needed.  Also, there would be no delay to the case as the next steps are the settlement conference and filing of the joint pretrial order.  As such, the Court cannot find the amendment to be extraordinary disruptive even though it is sought at this late stage of the litigation.  Therefore, the Court will grant Defendant's request to reopen the deadline to amend the pleadings and request to amend its answer at this stage of the litigation.

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (ECF No. 78) is **granted in part and denied in part as outlined above**.

IT IS HEREBY RECOMMENDED that Defendant's Motion to Extend Time (ECF No. 79) is **granted only to the extent that Defendant may file an amended answer**.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Answer (ECF No. 80) is **granted**.  Defendant shall file and serve its proposed amended answer.

DATED: June 24, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE