# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Gina Alcantara,

    Plaintiff

v.

Bodega Latina Corporation d/b/a El Super,

    Defendant

Case No.: 2:18-cv-00882-JAD-BNW

**Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion to Re-Open Discovery**

[ECF No. 107]

      In this slip-and-fall case, Magistrate Judge Brenda Weksler denied plaintiff Gina Alcantara's motion to re-open discovery, foreclosing her ability to seek additional information about accidents at defendant Bodega Latina Corporation's Las Vegas El Super store during the three years before her fall.[1]  In finding that Alcantara had not shown good cause to modify the parties' scheduling order, the magistrate judge reasoned that the information sought was irrelevant because Bodega stipulated to liability for Alcantara's fall and only disputes her damages claim; Alcantara's delay in seeking a modification was not the product of excusable neglect; and further discovery would be prejudicial to the grocer.[2]  Alcantara objects to that order, arguing that the evidence is crucial to proving her negligence claim and a potential demand for punitive damages.[3]  Because Alcantara cannot point to a clearly erroneous finding of fact or misapplication of law in the magistrate judge's order, I overrule her objection.

---

[1] ECF No. 106 (denying ECF No. 99) (magistrate judge's order).

[2] *Id.* at 18–20.

[3] ECF No. 107 (objection).

**Discussion**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine any pretrial matter"—including scheduling orders and discovery disputes—"pending before the court."[4] A judge may reconsider any pretrial matter under this section when it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law."[5] A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed."[6] An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.[7]

Magistrate Judge Weksler properly denied Alcantara's motion to re-open discovery. A party must show "good cause" to amend or modify a scheduling order,[8] which requires courts to consider whether "trial is imminent," "the request is opposed," "the non-moving party would be prejudiced," and "the moving party was diligent" in seeking timely discovery, as well as the "foreseeability of the need for additional discovery" and "the likelihood that the discovery will lead to relevant evidence."[9] This court's local rules require a movant seeking to modify

---

[4] 28 U.S.C. § 636 (b)(1)(A); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that courts have "broad discretion" to "permit or deny discovery").

[5] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

[6] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

[7] *Cf. Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

[8] *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking extension.'" (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment))); *see also* Fed. R. Civ. P. 16(b)(4).

[9] *City of Pomona v. SQMN. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

deadlines after their expiration to demonstrate "excusable neglect."[10] Of these factors and requirements, Magistrate Judge Weksler focused primarily on the insufficiency of Alcantara's need for modification, reasoning that further evidence of Bodega's awareness of and history with similar accidents would do little to resolve the remaining triable issue in this case—whether Alcantara can prove her damages.[11] The magistrate judge also found it inexcusable that Alcantara waited to file this motion until many months after learning that she needed more information about these prior accidents and more than a year after the close of discovery.[12] Finally, the magistrate judge concluded that this additional, irrelevant discovery would unduly prejudice Bodega.[13]

In asserting that Magistrate Judge Weksler erred, Alcantara raises Bodega's deleterious discovery conduct; relitigates the relevance of this evidence to proving her negligence claim; and implies that she would like to amend her complaint to add a request for punitive damages, which this evidence might tend to support.[14] The first and third justification are neither factual nor legal errors in the magistrate judge's order. Bodega's past misconduct, for which it has been sanctioned, is not a reason to re-open discovery, and Alcantara has not yet sought to add a punitive-damages demand to her complaint. As for Alcantara's second justification, it is belied by her own briefing: Bodega has admitted liability in multiple contexts, so it is unclear why she

---

[10] L.R. IA 6-1(a) ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.").

[11] ECF No. 106 at 18–19.

[12] *Id.* at 19.

[13] *Id.* at 20.

[14] ECF No. 107.

would be prejudiced by the "foreclos[ure]" of her "ability to present liability evidence."[15]  So I overrule her objection.

### Conclusion

IT IS THEREFORE ORDERED THAT Alcantara's objection to the magistrate judge's order denying her motion to re-open discovery **[ECF No. 107] is OVERRULED**.  The magistrate judge's order **[ECF No. 104] is AFFIRMED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 3, 2021

---

[15] *Id.* at 13.